UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>        Plaintiff, )<br> )<br>V. )<br> )<br>CECIL JAMES MESSER, )<br> )<br>        Defendant. )<br> )<br> ) | Criminal Action No. 3: 09-09-DCR<br>and<br>Criminal Action No. 3: 09-12-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

*** *** *** ***

This matter is pending for consideration of petitions for writs of *audita querela* filed in the above criminal actions. [Record No. 38 filed in Criminal Action No. 3: 09-09-DCR and Record No. 23 filed in Criminal Action No. 3: 09-12-DCR]  Having reviewed the petitions and supporting materials, the Court concludes that they are totally lacking in merit.  Accordingly, no response from the government will be required and the relief sought will be denied.

**I.**

On January 13, 2009, Defendant Cecil Messer robbed a branch of the National City Bank. The branch that was robbed is located at 3603 Old Bardstown Road in Louisville, Kentucky. This crime was committed in the Western District of Kentucky.  However, the matter was subsequently transferred to this Court.

At the time of the robbery, Messer passed a note to the teller which stated:

> This is a Robbery.  <u>No</u> alarms, <u>No</u> Dy packs, and <u>No</u> tracking devices.  Put your money and the money in the second drawer below in the bag.  Do not bring any attention to this situation.
>
> '30' minutes ago an explosive was placed inside the bank.  The ones outside have control of it.  Wait '4' minutes before hitting an alarm.

Messer escaped with approximately $865.

Ten days later, Messer robbed the First National Bank of Carrollton, Kentucky.  At the time of the second robbery, Messer approached a teller and presented a note substantially similar to the writing used during the first robbery in Louisville.  The second note read:

> This is a robbery, <u>No</u> alarms, <u>no</u> dye packs & <u>no</u> tracking devices.  An explosive was place in the bank earlier this morning.  We want <u>all</u> of your 100's, 50's & 20's put in the bag and zipped.  <u>Do not</u> bring any attention to this situation and you must wait '4' minutes after I leave to sound <u>any</u> alarm.

Messer fled the First National Bank after receiving $12,400.  However, as Messer soon discovered, bank robbers are often caught by police.  Based on tips received by law enforcement, the defendant was arrested in a motel room in Nashville, Tennessee.  At the time of his arrest, Messer was in possession of $1,200.00.  Handwriting exemplars also linked him to the notes given to the bank tellers at both locations.

On June 11, 2009, Messer was indicted by a federal grand jury sitting in the Eastern District of Kentucky.  The indictment contains one count relating to the January 23, 2009, bank robbery in Carroll County, Kentucky.  The indictment alleges that:

> On or about January 23, 2009, in Carroll County, in the Eastern District of Kentucky, **CECIL JAMES MESSER** did by force, violence, and intimidation, take from the person and presence of bank employees approximately $12,240 in money belonging to and in the care, custody, control, management, and possession of First National Bank, 604 Highland Avenue, Carrollton, Kentucky,

the deposits of which were then insured by the Federal Deposit Insurance Corporation, all in violation of 18 U.S.C. §§ 2113(a).

[Record No. 1; Criminal Action No. 3: 09-09-DCR]

Messer waived indictment and agreed to the filing of an Information regarding the January 13, 2009, robbery occurring in the Western District of Kentucky. The Information concerning this robbery charged:

> On or about January 13, 2009, in the Western District of Kentucky, Jefferson County, Kentucky, **CECIL MESSER**, defendant herein, did by force, violence and intimidation, take from the person and presence of another, money, that is, $865.00 belonging to, and in the care, custody, control, management, and possession of the National City Bank, 3603 Bardstown Road, Louisville, Kentucky, the deposits of which were then insured by the Federal Deposit Insurance Corporation. In violation of Title 18, United States Code, Section 2113(a).

[Record No. 1; Criminal Action No. 3: 09-12-DCR]

Messer entered a guilty plea to both counts on August 8, 2009, pursuant to a written Plea Agreement. After acknowledging the elements of the offenses charged in the Indictment and Information, Messer admitted that he robbed both banks as charged. Further, he admitted that both of the subject banks were, at times relevant to the actions, insured by the Federal Deposit Insurance Corporation. [*See* Record No. 21, Plea Agreement, ¶ 3; Criminal Action No. 3: 09-09-DCR]

On November 24, 2009, Messer was sentenced to a term or imprisonment of 108 months in Criminal Action No. 3: 09-09-DCR, and a concurrent term of imprisonment of 108 months in Criminal Action No. 3: 09-12-DCR. These terms were ordered to run consecutively to any other state term of imprisonment. In addition to payment of restitution and special assessments,

the Court imposed a three-year term of supervised release to follow Messer's federal incarceration. Messer appealed the sentences imposed in both cases. However, both sentences were affirmed by the United States Court of Appeals for the Sixth Circuit on March 23, 2011. [*See* Record No. 35 in Criminal Action No. 3: 09-09-DCR]

## II.

Messer filed petitions for writs of *audita querela* in both criminal actions on June 28, 2012. Through these petitions, he seeks to collaterally attack the validity of his convictions, arguing that the banks he robbed in January 2009 were not "member banks of the Federal Reserve System". Thus, he contends his convictions under 18 U.S.C. § 2113(a) were illegal. According to Messer, neither of the banks he robbed fit within the limited definition of institutions covered by the statute's protections as defined in 18 U.S.C. § 2113(f).

As a preliminary matter, Messer's assertions that the First National Bank and the National City Bank are not banks covered by the statutory definition of 18 U.S.C. §2113(f) is incorrect. *United States v. Mauro*, 501 F.2d 45, 49 (2d Cir.), cert. denied, 419 U.S. 969 (1974) (The fact that government did not attempt to prove that bank robbed, First National City Bank, was a national bank was irrelevant because trial courts may take judicial notice of that fact when "national" appears in the name of the banking institution.) Only banks that are organized under the laws of the United States may use the word "national" in their title. *See* 18 U.S.C. § 709. Additionally, at all time relevant to this proceeding, both First National Bank and National City Bank were insured by the Federal Deposit Insurance Corporation.[1] Messer admitted the bank's

---

[1] As the *Mauro* court noted, under 21 U.S.C. § 2113(f), institutions that are covered fall into three categories: (1) member banks of the Federal Reserve System; (2) banks organized or operating under the laws

insured status at the time of his guilty plea and he has offered nothing to the contrary in his recent pleadings.

In addition to the fact that Messer's petition rests on false factual assertions, the writ is an improper vehicle for the relief sought. As the Sixth Circuit explained in *Ejelonu v. INS*, 355 F.3d 539, 544 (6th Cir. 2004),

> The common-law writ of *audita querela* is a remedy granted in favor of one against whom execution has issued or is about to issue on a judgment the enforcement of which would be contrary to justice, either because of matters arising subsequent to its rendition, or because of prior existing defenses that were not available to the judgment debtor in the original action because the judgment creditor's fraudulent conduct or through circumstances over which the judgment debtor had no control.

*Id.*

This common-law writ provides relief in very limited circumstances. It is used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued. *Carrington v. United States*, 503 F.3d 888, 890 n.2 (9th Cir. 2007); *United States v. Hicks*, 2008 U.S. Dist. LEXIS 1662 (E.D. Ky., Jan. 4, 2008). In the present case, the defendant does not assert that his judgment was originally valid, but later because unenforceable due to a change in the law or some other relevant factor. Instead, he asserts – incorrectly – that at the time of the robberies, the banks did not fit within the statutory definition of institutions covered by 18 U.S.C. 2113(a). The status he seeks to

---

of the United States; and (3) banks whose deposits are insured by the F.D.I.C. *Id.* at 48 (citing *King v. United States*, 426 F.2d 278, 279 (9th Cir. 1970). The fact that there may be some overlap does not mean that the statute requires that the institution fall under *each* section. Thus, a state or national bank may be insured by the F.D.I.C regardless of whether it is a member of the Federal Reserve System and still come within the definition of § 2113(f). *Mauro, id.* at 48.

challenge has not changed. Thus, setting aside the lack of merit of Messer's position, this is an argument which could have presented in response to the indictment, on direct appeal, or through a motion filed pursuant to 28 U.S.C. § 2255. Where, as here, a defendant is actually seeking habeas corpus relief disguised as a motion for a writ of *audita querela*, dismissal of the action is appropriate. *Hicks*, at p. *5.

In addition to the reasons outlined above, the relief being sought by Messer is precluded because a writ of *audita querela* "requires satisfaction of the judgment, [and] it can only be used when the petitioner has served his or her sentence and has been released from custody." *Frost v. Snyder*, 13 Fed. Appx. 243, 246 n.1 (6th Cir. 2001). Messer – a prisoner currently confined at a federal prison in Atwater, California – cannot assert that he has completed service of his 108 month term of incarceration imposed on November 24, 2009.

### III.

Based on the foregoing discussion, it is hereby

**ORDERED** that Defendant Cecil Messer's Petitions for Writs of *Audita Querela* filed in Criminal Action No. 3: 09-09-DCR [Record No. 38] and in Criminal Action No. 3: 09-12-DCR [Record No. 23] are **DENIED**.

The Court further **CERTIFIES** that any appeal taken from this action would not be taken in good faith and would be frivolous.

This 29th day of June, 2012.

